UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Roald K. Hubbard, | ) | C/A No. 6:24-cv-6592-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Greenville County DSS, | ) | |
| South Carolina Department of Corrections, | ) | |
| Dept. of Probation, Parole and Pardon | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action against the above-named Defendants. Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings for relief and submit findings and recommendations to the District Court. Having reviewed the Complaint in accordance with applicable law, the undersigned finds that this action is subject to summary dismissal.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form. ECF No. 1. By Order dated December 11, 2024, the Court notified Plaintiff that, upon screening in accordance with 28 U.S.C. § 1915, the Complaint was subject to summary dismissal for the reasons identified by the Court. ECF No. 12. The Court noted, however, that Plaintiff might be able to cure the deficiencies of the Complaint and granted Plaintiff twenty-one days to file an amended complaint. *Id.* at 7. Plaintiff was warned as follows:

1

> If Plaintiff fails to file an amended complaint that corrects those deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 without further leave to amend.

*Id*. (emphasis omitted). Plaintiff has not filed an Amended Complaint, and the time to do so has lapsed.[1]

**Factual Allegations**

Plaintiff makes the following allegations in his Complaint. ECF No. 1. Plaintiff sues three Defendants: (1) the Department of Social Services ("DSS"), (2) the South Carolina Department of Corrections ("SCDC"), and (3) the South Carolina Department of Probation, Parole, and Pardon ("Probation"). ECF No. 1 at 1. Plaintiff alleges he filed this case "to get off South Carolina State sex offender registry." *Id.* at. 5. Plaintiff contends he did not receive help from DSS or SCDC and was denied parole twice. *Id.* In the relief section of the Complaint form, Plaintiff asserts he did not get any help in his treatment from DSS or SCDC, and he was never told he had to pay for treatment. *Id.* Plaintiff also contends he did not make parole two times. *Id.* Plaintiff makes no other substantive allegations in the Complaint. Plaintiff has attached to his Complaint various documents from his underlying state court cases in the Greenville County Family Court and Greenville County Court of General Sessions. ECF No. 1-1.

### STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff's amended complaint was due on January 2, 2025. *See* ECF No. 12.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

**DISCUSSION**

**The Action is Subject to Dismissal Pursuant to Rule 41(b)**

As an initial matter, this action is subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. As noted, Plaintiff was directed to file an amended complaint in accordance with this Court's Order dated December 11, 2024. ECF No. 12. However, Plaintiff has not filed an amended complaint or any response to the Court's Order, and he has failed to correct the pleading deficiencies of his original Complaint. Plaintiff has failed to prosecute this case and has failed to comply with the Order of this Court. As Plaintiff has already ignored this Court's Order and deadlines, action less drastic than dismissal would not be effective. Accordingly, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

**The Complaint is Subject to Dismissal**

The Complaint filed in this action is subject to dismissal. The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Failure to State a Claim**

The allegations in the Complaint fail to state a claim for relief that is plausible. To state a claim upon which relief can be granted, Plaintiff must do more than make mere conclusory statements. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. The Complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The Court need only accept as true the Complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff's allegations in the present Complaint fail to satisfy this standard.

Plaintiff's allegations are vague and conclusory. The crux of Plaintiff's claim is that he is seeking "to get off South Carolina['s] sex offender registry," but Defendants have not provided any help. ECF No. 1 at 5. Plaintiff also alleges he was denied parole two times. *Id*. Plaintiff has not, however, alleged facts showing how Defendants have violated his constitutional rights. Plaintiff also has not identified any individual responsible for the denial of his parole, and he provides no allegations demonstrating that he is entitled to parole. Further, Plaintiff provides no allegations demonstrating he is under a sentence from which parole may be granted. Plaintiff's conclusory assertions are insufficient to state a claim, and his claims are without merit. *See, e.g., Wright v. Cnty. of York, S.C.*, C/A No. 0:22-cv-3407-CMC-PJG, 2022 WL 18635123, at *2 (D.S.C. Dec. 9, 2022) ("Plaintiff provides no facts that would explain who injured him or how, such as why his arrest was unlawful or how his detention has violated his rights. He provides no facts about the defendants, and his purported requests for relief are conclusory and unclear."); *Montgomery v. United States*, C/A No. 5:14-CT-3279-H, 2016 WL 7647572, at *2 (E.D.N.C. Mar. 7, 2016) ("[Plaintiff does not conspicuously allege important details showing who caused the harm, or when and where it occurred. The allegations contained in plaintiff's complaint . . . were too

5

speculative, generalized, and conclusory to show a basis in fact and are, therefore, meritless."), *aff'd*, 654 F. App'x 635 (4th Cir. 2016). The Complaint should therefore be dismissed for failure to state a claim upon which relief can be granted. *See VanDerHorst v. South Carolina*, C/A No. 2:20-cv-2501-RMG-PJG, 2020 WL 4572739, at *2 (D.S.C. Aug. 7, 2020); Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Iqbal*, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support).

**Defendants Entitled to Dismissal**

The Defendants named in this action are also entitled to dismissal. It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001). Inanimate objects such as buildings, facilities, and grounds do not qualify as "persons" and cannot act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-cv-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (noting the detention center was a building that was not amenable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Similarly, the staff of an organization is not considered a person subject to suit under 42 U.S.C. § 1983, and groups of people may not be sued under § 1983. *See Dalton v. SCDC*, C/A No. 8:09-cv-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons). As such, DSS, SCDC, and "[t]he South Carolina Department of Probation, Parole, and Pardon Services [are all] not a 'person' subject to suit under 42 U.S.C. § 1983." *Rutledge v. S.C. Dep't of Prob., Parole*

6

*& Pardon Servs.*, C/A No. 4:07-cv-1797-DCN-TER, 2007 WL 2736530, at *2 (D.S.C. Sept. 17, 2007); *see also Pickens v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, C/A No. 8:22-cv-00500-RBH-JDA, 2022 WL 3211231, at *3 (D.S.C. Feb. 23, 2022) (dismissing Department of Probation, Parole, and Pardon because it is not a person), *R&R adopted by* 2022 WL 2965626 (D.S.C. July 27, 2022).

All three Defendants named in this action appear to be departments, facilities, or buildings and, as such, are not subject to suit because they cannot be sued as a "person" in a § 1983 lawsuit. *See Boyd v. Spartanburg Cnty.*, C/A No. 7:23-cv-02478-BHH-JDA, 2023 WL 4602110, at *3 (D.S.C. June 27, 2023), *R&R adopted by* 2023 WL 4601019 (D.S.C. July 18, 2023); *McCray v. S.C. Dep't of Corr.*, C/A No. 8:22-cv-1477-BHH, 2022 WL 17811669, at *1 (D.S.C. Dec. 19, 2022) ("[SCDC] should be summarily dismissed as a Defendant in this action as it is not a "person" amenable to suit under § 1983."); *Stroman v. York Cnty. Dep't of Soc. Servs.*, C/A No. 0:18-cv-1632-JMC-PJG, 2019 WL 498387, at *4 (D.S.C. Feb. 8, 2019) ("[Plaintiff's] § 1983 claim fails as a matter of law because [DSS] is not a 'person' amenable to suit."); *Harrison v. S.C. Dep't of Corr.*, C/A No. 8:14-cv-1196-JMC-JDA, 2014 WL 10060932, at *2 (D.S.C. July 8, 2014) ("[SCDC] is a department, group of buildings, or a facility, and it is not considered a person subject to suit under 42 U.S.C. § 1983"), *R&R adopted by* 2015 WL 4095882 (D.S.C. July 6, 2015). Because none of the named Defendants are "persons" within the meaning of § 1983, the Complaint should be dismissed.[2] Accordingly, Plaintiff's claims are subject to dismissal for failure to state a claim and because Plaintiff has failed to name a proper party.

---

[2] Defendants are also entitled to immunity under the Eleventh Amendment. "Because the Eleventh Amendment provides an absolute immunity for the states against all suits, the 'person' referred to in § 1983 cannot include a state or any divisions of a state." *Singleton v. SCDC*, C/A No. 2:11-cv-676-TLW-BHH, 2011 WL 3349355, at *3 (D.S.C. June 29, 2011) (noting SCDC was

**CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, it is recommended that the district court **DISMISS** this action pursuant to 28 U.S.C. § 1915 without further leave to amend[3] and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

January 21, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

entitled to summary dismissal), *R&R adopted by* 2011 WL 3352475 (D.S.C. Aug. 2, 2011); *see also Brown v. Lemacks*, C/A No. 8:09-cv-2160-CMC-BHH, 2009 WL 3673082, at *3 (D.S.C. Oct. 30, 2009) ("South Carolina Department of Probation, Parole and Pardon Services is immune from suit under § 1983 and should be dismissed as a party defendant in this action.").

[3] **Error! Main Document Only.** As Plaintiff has been afforded an opportunity to file an Amended Complaint but failed to correct his pleading deficiencies, the undersigned recommends that this action be dismissed without further leave to amend.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).