IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Roald K. Hubbard, | ) | Case No. 6:24-cv-06592-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Greenville DSS County; South Carolina Department of Corrections; Dept of Probation, Parole and Pardon, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 16.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

    Plaintiff filed his pro se Complaint on November 18, 2024. [Doc. 1.] On December 11, 2024, the Magistrate Judge issued an Order explaining several specific deficiencies with Plaintiff's claims and granting him leave to amend his Complaint. [Doc. 12.] Plaintiff was informed that failure to file an amended complaint or cure the deficiencies identified in the Order would subject his claims to summary dismissal. [*Id*. at 7–8.] Plaintiff did not file an amended complaint within the time prescribed, and on January 21, 2025, the Magistrate Judge issued a Report recommending that Plaintiff's Complaint be summarily dismissed without further leave to amend and without issuance and service of process. [Doc. 16.] The Magistrate Judge advised Plaintiff of the procedures and requirements for

filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 9.] Plaintiff has filed no objections and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is summarily DISMISSED without prejudice, without further leave to amend, and without issuance and service of process.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

February 20, 2025
Greenville, South Carolina

2

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.